UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.

GAIL CAUDLE

    Plaintiff,

vs.

HULL PROPERTY GROUP, LLC
d/b/a Lake City Mall

    Defendant.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff, Gail Caudle, by and through her undersigned counsel, hereby sues Defendant, Hull Property Group, LLC doing business as Lake City Mall for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

## JURISDICTION

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue lies in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) and Local Rule 1.04, in that the original transaction or occurrence giving rise to this cause of action occurred in this District.

3. Defendant Hull Property Group, LLC is authorized to conduct and is conducting business within the State of Florida and within the jurisdiction of this court.

## PARTIES

4. Plaintiff Gail Caudle ("Plaintiff") is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as she is disabled with CRPS in her left hip and thigh (following hip surgery) and with CRPS in her right lower leg and foot (following ankle surgery); she is unable to put any weight on her right leg or foot, this combined with spasms and pain cause her to be unable to walk. Consequently, she is confined to a wheelchair and utilizes that wheelchair for mobility. Plaintiff's disability is defined in 42 U.S.C. §12102(1)(A)(2), 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

5. Defendant Hull Property Group, LLC ("Defendant") is a foreign limited liability company authorized to transact business in the state of Florida. Hull Property Group, LLC acquires and repositions retail properties throughout the United States. Defendant owns and operates the Lake City Mall in Lake City, Florida as well as malls and shopping centers throughout the southern United States and the northern states of Illinois, Indiana, Massachusetts, New York, Pennsylvania, and Wisconsin.

**Caudle v. Hull Property Group, et al**
**Complaint for Injunctive Relief**

## FACTS

6. Defendant owns and operates the Lake City Mall regional shopping center located at 2469 West US Hwy 90, Lake City, Florida 32055 which is the subject of this instant action.

7. As with all regional shopping centers, the Lake City Mall is a place of public accommodation pursuant to 42 U.S.C. §§12181(7)(E) as a "shopping center." The Lake City Mall which is the subject of this complaint is also referenced "(regional) shopping center," or "place of public accommodation."

8. As the operator of the Lake City Mall regional shopping center, which is open to the public, Defendant is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns or operates a shopping center; 42 U.S.C. §12182, 42 U.S.C. §12182, §12181(7)(E); 28 C.F.R. §36.104(5).

9. Due to the close proximity to Plaintiff's home to the Lake City Mall, Plaintiff has been patronizing the Lake City Mall for many years.

10. Due to the fact that she perambulates with the assistance of a wheelchair, Plaintiff has met barriers to access while patronizing the Lake City Mall. Based on the access impediments Plaintiff encountered, Plaintiff has been denied full and equal access by Defendant.

11. As the owner of over fifty shopping centers and mall properties (including the Lake City Mall), Defendant is well aware of the ADA and the need to provide for equal access in all areas of its shopping centers and mall properties. Therefore, Defendant's failure to reasonably accommodate mobility impaired and disabled patrons by ensuring that its Lake City Mall is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

12. As a result of Defendant's discrimination, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

13. Plaintiff continues to desire to patronize the Lake City Mall but continues to be injured in that she continues to be discriminated against due to the barriers to access within that regional shopping center which are in violation of the ADA.

14. Any and all requisite notice has been provided.

15. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendant pursuant to 42 U.S.C. §12205.

## **COUNT I – VIOLATIONS OF TITLE III OF THE ADA**

16. The ADA was enacted and effective as of July 26, 1990, and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over 32 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

17. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

18. Prior to the filing of this lawsuit, Plaintiff personally visited the Lake City Mall to shop; however, Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met barriers to access. Therefore, Plaintiff has suffered an injury in fact.

19. Defendant has discriminated (and continues to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and accommodations at its

regional shopping center in derogation of 42 U.S.C. §12101 *et seq.* and as prohibited by 42 U.S.C. §12182 *et seq.* by failing to remove barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

20. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at the Lake City Mall.

21. Defendant is governed by the ADA and must be in compliance therewith. However, Defendant has discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

22. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

23. The Lake City Mall regional shopping center is in violation of 42 U.S.C. §12181 *et seq.*, the ADA and 28 C.F.R. §36.302 *et seq.*, and Defendant is discriminating against Plaintiff as a result of <u>inter alia</u>, the following specific violations:

i. There are permanently designated interior spaces without proper signage location. For example, at the women's accessible restroom, signage is mounted on the door leaf without braille or raised characters which is in violation of Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards for Accessible Design. Section 4.1.3(16)(b) states that signs which provide direction to or information about functional spaces of the building shall comply with Section 4.3, and 4.3 states that raised and Braille characters are required on signs that "designate permanent rooms and spaces," and applies to signs labeling rooms whose function (and thus designation) is not likely to change over time (such as restrooms). Likewise, Section 216.2 states that signs identifying permanent rooms and spaces (such as restrooms) shall comply with Section 703 which requires signs to have visual and tactile characters, with 703.3 requiring raised characters duplicated in braille.

ii. Plaintiff had difficulty closing the stall door, as the toilet compartment stall door was missing pull handles on both sides of the door near the latch. This is a violation of 28 C.F.R. Part 36, Section 4.27.4 of the ADAAG which states that controls and operating mechanisms shall be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist. The forces required to activate controls shall be no greater than 5 lb. (22.2

N). This is also a violation Section 604.8.1.2 of the 2010 ADA Standards for Accessible Design which states that toilet compartment doors, including door hardware, shall comply with Sections 404.2.7 and 309.4: "operable parts of such hardware shall be 34 inches (865 mm) minimum and 48 inches (1220 mm) maximum above the finished floor or ground.

iii. Plaintiff had difficulty closing the stall door as the accessible toilet compartment (stall) door does not provide self-closing hinges. This is a violation of Section 604.8.1.2 of the 2010 ADA Standards for Accessible Design which states that toilet compartment doors shall be self-closing. This is also a violation of Sections 4.17.5 and 4.13.10 of the ADAAG. Section 4.17.5 states that toilet door hardware must comply with Section 4.13, and Section 4.13.10 states that door closers must take at least 3 seconds to move to a point of 3" from the latch.

24. Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, Defendant has been required to make the Lake City Mall accessible to persons with disabilities since January 28, 1992, and Defendant has failed to comply with this mandate.

25. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff's injunctive relief; including an order for Defendant to alter its

Lake City Mall regional shopping center such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Gail Caudle hereby demands judgment against Defendant Hull Property Group, LLC and requests the following injunctive and declaratory relief:

a) The Court declare that Defendant has violated the ADA;

b) The Court enter an Order directing Defendant to evaluate and neutralize its policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring Defendant to alter the Lake City Mall regional shopping center such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorneys fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Respectfully submitted on this 18th day of October 2022.

By: */s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
FBN: 628166
J. COURTNEY CUNNINGHAM, PLLC
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone: 305-351-2014
cc@cunninghampllc.com
legal@cunninghampllc.com

*Attorney for Plaintiff*